IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SHERI MOREAU,<br><br>        Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,[1]<br><br><br>        Defendant. | No. 9:22-CV-131 (MAC) |

**REPORT AND RECOMMENDATION**

The claimant, Sheri Moreau, requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). Moreau protectively filed an application for supplemental security income on April 21, 2020, alleging disability due to chronic obstructive pulmonary disease, diabetes, peripheral neuropathy, back problems, depression, inflammatory bowel disease, vision problems, sleep apnea, and asthma.[2] (Tr. 13, 438.) The Commissioner denied her application initially and on reconsideration and she subsequently filed this appeal. (Tr. 299-302, 313-315.) The District Court referred the case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of

---

[1]    Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    Moreau also applied for disability insurance benefits but was denied because her date of last insured status expired years prior to her application. (Tr. 445.)

reference. For the reasons explained below, the undersigned recommends affirming the Administrative Law Judge's ("ALJ") decision.

## I. JUDICIAL REVIEW

This court reviews the Commissioner's denial of social security disability benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quotation marks and citation omitted). Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence "must be more than a scintilla[,] it need not be a preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (quotation marks and citation omitted).

Reviewing courts, therefore, give the Commissioner's decisions great deference. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Courts may not re-weigh evidence, try issues *de novo*, or substitute their judgments for those of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A court cannot reverse the Commissioner simply because the court might have decided the case differently in the first instance. *Elfer v. Texas Workforce Commission*, 169 F. App'x 378, 380 (5th Cir. 2006); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (stating that the court may not "substitute [its] judgment for that of the Secretary"). Rather, it is for the Commissioner to weigh evidence and resolve conflicts. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

## II. DISABILITY DETERMINATION PROCESS AND THE ALJ'S DECISION

In assessing disability benefits, the Commissioner uses a five-step sequential evaluation process to determine whether an individual is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. At step one, the ALJ must determine whether the claimant is engaging in

substantial gainful activity. *See id.* § 404.1520(a)(4)(i). "Substantial gainful activity" means "the performance of work activity involving significant physical or mental abilities for pay or profit." *Newton v. Apfel*, 209 F.3d 448, 452–53 (5th Cir. 2000) (citing 20 C.F.R. §§ 404.1572(a)–(b)). If the claimant engages in substantial work experience, she is not disabled regardless of how severe the physical or mental impairments are and regardless of age, education, and work experience. *Id.* If the claimant is not engaging in substantial work experience, the analysis proceeds to the next step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." *See id.* § 404.1520(a)(4)(ii). An impairment or combination of impairments is considered severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *See id.* §§ 404.1520(c). "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). If the claimant does not have a severe medically determinable impairment or combination of impairments, she is not disabled. *See* 20 C.F.R. § 404.1520(c). If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the next step.

At step three, the ALJ must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment found in the Listing of Impairments ("the Listings"), a set of medical criteria found at 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant has an impairment or combination of impairments that meets or

medically equals the criteria of a listing, and it has lasted or is expected to last for a continuous period of at least twelve months, the claimant is disabled. *See id.* § 404.1520(d). If not, the analysis proceeds to the next step.

Before reaching step four of the five-step sequential evaluation process, however, the ALJ must first determine the claimant's residual functional capacity ("RFC"), which is the most that she can still do despite her limitations. *See id.* § 416.945(a)(1). The ALJ uses the RFC assessment at step four to determine if the claimant can do her past relevant work and at step five to determine if the claimant can adjust to any other work existing in the national economy. *See id.* § 404.1520(e).

At step four, the ALJ reviews the RFC assessment and the demands of the claimant's past relevant work. *See id.* § 404.1520(f). The term "past relevant work" ("PRW") is defined as work that the claimant has done within the past fifteen years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. *See id.* § 404.1560(b)(1). If the claimant has the RFC to do sPRW, he is not disabled. *See id.* § 404.1560(3). If the claimant's impairment or combination of impairments preclude her from performing his PRW, the fifth and final step of the sequential evaluation process assesses the claimant's ability—given her residual capacities, age, education, and work experience—to do other work. *See id.* § 404.1520(g). If the claimant is able to do other work, she is not disabled. *Id.* If the claimant's impairment or combination of impairments precludes her from performing any other type of work, she will be found to be disabled. *Id.*

The claimant bears the burden of proof at the first four steps of the sequential evaluation process. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that

4

there is other gainful employment available in the national economy that the claimant is capable of performing. *Id.*

Here, the administrative law judge ("ALJ") held a telephonic hearing on April 5, 2022, where Moreau, her attorney, and a vocational expert ("VE") testified. (Tr. 202-227.) The ALJ issued a decision on May 4, 2022, finding Moreau not disabled. (Tr. 13-27.) In reaching his decision, the ALJ utilized the five-step sequential analysis model specified by regulations and approved by courts. He found at step one that Moreau did not engage in substantial gainful activity during the relevant period. (Tr. 15.) At step two, the ALJ found that the following qualified as "severe" impairments: degenerative disc disease of the lumbar spine of the cervical spine with radiculopathy, irritable bowel syndrome, diabetes with peripheral neuropathy, AC joint arthritis, cubital tunnel syndrome on the right and carpal tunnel syndrome bilaterally with osteoarthritis of the bilateral hands; chronic obstructive pulmonary disease, asthma, obesity, decreased vision, and depression. (Tr. 15-16.) At step three, the ALJ found that none of Moreau's impairments, either alone or in combination, met or equaled the criteria of an impairment in the Listings. (Tr. 16-18.) The ALJ then assessed her RFC, finding that she could:

> perform light work as defined in 20 CFR [§] 416.967(b) except can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, crouch, kneel, and crawl; all walking is to be at a normal pace and over even surfaces; **all walking is limited to a distance of sixty feet per incident of walking**; the claimant can frequently reach, handle, and finger with the bilateral upper extremities; occasionally push with the bilateral upper extremities; should avoid tasks requiring exposure to heights, open flames, dangerous machinery and exposed electrical currents; **must work within a 5 minute walk to a restroom**; will require corrective vision glasses or contacts for all work tasks; should avoid concentrated exposure to dusts, gases, fumes, and inhalant irritants; can perform detailed but not complex instructions and tasks; can frequently interact with supervisors, coworkers and occasionally interact with the public; can maintain a sustained rate of concentration, persistence and pace for 95% or more of the workday; can frequently adapt to changes in workplace methods and routines; and can occasionally perform jobs requiring a forced-production pace or assembly-line pace.

5

(Tr. 18) (emphasis added). At step four, the ALJ found that she had no past relevant work. (Tr. 25.) Proceeding to step five, the ALJ determined that Moreau was 49 years old on the application date, and subsequently changed age categories to closely approaching advanced age. (*Id.*) He further determined that she had a limited education, and, relying on the vocational expert's hearing testimony, found that she could perform other jobs existing in significant numbers in the national economy, specifically the jobs of food inspector, clothing inspector, belt inspector, parking enforcement, and airline security. (Tr. 25-26). Accordingly, the ALJ found her not disabled. (Tr. 26). Moreau requested review of the ALJ's decision and the Appeals Council denied her request on July 8, 2022. (Tr. 1-7.) Therefore, the ALJ's decision serves as the Commissioner's final decision for purposes of judicial review pursuant to 42 U.S.C. § 405(g).

### III.  POINT OF ERROR AND RESPONSE

Moreau raises one point of error: that the "ALJ's RFC is deficient due to vagueness and therefore unsupported by substantial evidence." (Dkt. #15, p. 4.) Specifically, Moreau contends that the ALJ's RFC finding that she is limited to walking 60 feet "per incident of walking" conflicts with the limitation that she must also "work within a 5 minute walk to a restroom." (*Id.*) Moreau further claims that the "crux of the issue in this case is that the ALJ provides a distance limitation of 'must work within a 5 minute walk to a restroom,' but fails to identify how many 'incidents of walking' Ms. Moreau is able to perform within a 5 minute period." (Dkt. #15, p. 4.) Moreau contends that because the ALJ did not define how many "incidents of walking" she can perform within a 5-minute period, "it is unknown how far away from a restroom [she] is actually able to work." (*Id.*) She claims these limitations are "vague to the point the actual limitation is not clearly decipherable, and the ALJ failed to cure this deficiency."

(*Id*. at p. 7.) Essentially, Moreau argues that because the ALJ used both temporal (within five minutes to a restroom) and distance (no more than 60 feet), the RFC was vague and unsupported by the evidence.

The Commissioner responds that contrary to Moreau's claim, the ALJ posed a properly supported RFC to the vocational expert, whose testimony he relied on in determining that she is not disabled, and that therefore, the decision is supported by substantial evidence. The Commissioner recognizes that "light work as defined by the regulations and administrative Social Security Rulings clearly notes that it involves standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, and that many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk." (Dkt. #16, p. 6, citing to 20 C.F.R. 416.967(b) and Social Security Ruling (SSR) 83-10, 1983 WL 31251, *6.) He contends that a "logical reading of the ALJ's RFC of limiting [Moreau] to the ability to perform light work with additional limitations such as how far she could walk at one time, fails to show any internal inconsistency…," and that Moreau cannot point to any objective medical evidence showing that she was limited to walking less time than the amount required of light work or less than 60 feet at any one time." (*Id.*)

## IV. DISCUSSION

A defective hypothetical is reversible error. *See Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001); *Smith v. Kijakazi*, No. 4:21-CV-00580, 2022 WL 1443685, at *4 (S.D. Tex. May 6, 2022). A hypothetical question posed to a VE is not defective if (1) the hypothetical question reasonably incorporates all disabilities of the claimant recognized by the ALJ, and (2) "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the

7

hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question)." *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

>   Here, the ALJ posed the following hypothetical to the VE:
>
>   Please assume the person is limited to light duty work with the following further limitations . . . [she] cannot climb ladders, ropes, or scaffolds …[,] can occasionally walk on ramps and stairs and occasionally stoop, crouch, kneel, and crawl. The hypothetical claimant's walking is all to be at a normal pace and at normal pace and over even surfaces. The hypothetical claimant's walking is further limited to distances of 60 feet or less per incidence of walking. Just to explain, there can be more than 60 feet of walking in a day but no specific task that requires her to walk away from her station or between two stations can be more than about 60 feet or so . . . [she is] limited to frequent reaching, handling, and fingering with the bilateral upper extremities. The person is limited to occasional pushing with the bilateral lower extremities. The hypothetical claimant should avoid tasks requiring exposure to heights, open flames, dangerous machinery, and exposed electrical currents [and] must work within a five-minute walk to a restroom. . . [3]

(Tr. 220-221.) The VE responded that pursuant to the limitations assessed in the hypothetical, an individual would be capable of performing unskilled light work, like "quality control type jobs where you're visually inspecting products . . ." like food inspector, cloth inspector, or belt inspector. (Tr. 221-22.) Moreau's attorney representative was allowed to question the VE but did not address any perceived inconsistency or ask for further clarification on the ALJ's walking distance or temporal limitations. The undersigned sees nothing extraordinarily perplexing in the ALJ's hypothetical—it describes an individual who is limited to walking "at a normal pace," with 60 feet or less between tasks and/or stations, and within a 5-minute walk to a restroom. Moreover, the VE did not seem confused by the hypothetical. In fact, only Moreau's speculation casts doubt that the ALJ's hypothetical was somehow misleading or vague, and speculation is

---

[3] The hypothetical posed to the VE continues, but because Moreau only challenges the alleged inconsistency relating to her walking ability, the remaining limitations posed by the ALJ in the hypothetical are not relevant to her appeal and therefore not listed here.

not sufficient to establish that the VE was confused or that the decision is unsupported by substantial evidence. *See Smith v. Kijakazi*, No. 4:21-CV-00580, 2022 WL 1443685, at *4 (S.D. Tex. May 6, 2022) (affirming where there is no indication that the VE was in any manner confused by the hypothetical question); *Kendall A. v. Saul*, No. 1:18-CV-0031-BP, 2019 WL 4602967, at *8 (N.D. Tex. Sept. 4, 2019) (finding that a hypothetical question was not "too vague" and, therefore, did not impact the VE's assessment of employability because there was no "indication that the VE was in any manner confused" by the question (quotation omitted)).

Furthermore, Moreau's counsel was present and afforded the opportunity to cross examine the VE and cure any alleged deficiency or inconsistency but failed to do so. Therefore, her sole point of error fails. *See Jose C. v. Kijakazi*, No. EP-23-CV-00001-RFC, 2023 WL 8461640, at *6 (W.D. Tex. Dec. 5, 2023) (affirming where claimant's counsel had the opportunity and failed to correct purported deficiencies to the ALJ's hypothetical, "suggesting that [the claimant's counsel] did not see the wording as problematic at the time"); *Smith* at *5 (affirming where the ALJ's statement was not materially vague or misleading, and the claimant was nevertheless allowed to clarify any ambiguities at the time of the testimony); *Zechenelly v. Colvin*, No. CIV.A. 13-403, 2014 WL 644007, at *2 (E.D. La. Feb. 19, 2014) ("Here, the ALJ's question reasonably incorporated [claimant's] impairments and [claimant] was afforded the opportunity to clarify and correct deficiencies, having crossed the VE and asked her own hypothetical. In other words, [Plaintiff's] argument fails because the ALJ's statement was not materially vague or misleading and she was nevertheless allowed to clarify any ambiguities at the time of the testimony.").

## V.  RECOMMENDATION

Here, the ALJ evaluated the record as a whole and rendered a decision that provides an accurate and logical bridge between the evidence considered and the conclusions reached.  For the reasons explained above, the ALJ did not err when posing a hypothetical to the VE and Moreau does not refer to any evidence that establishes limitations greater than those identified. Therefore, the undersigned finds that the decision is supported by substantial evidence that a "reasonable mind" would accept.[4]  Accordingly, the Commissioner's administrative decision should be affirmed.

## VI.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

---

[4] Substantial evidence under the Social Security Act "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge